### McDONNELL et al. v. McCOUN et al.

(Supreme Court, Appellate Division, Second Department. June 18, 1908.)

APPEAL AND ERROR—RESERVATION OF GROUNDS—SUFFICIENCY OF PRESENTATION BELOW.

> Cross-examination proper on the question of the amount due on a debt was objected to as incompetent under a defense of fraud. Counsel conducting the cross-examination did not claim that his purpose was to examine with a view to determining the amount due, but indicated that it was with reference to the defense of fraud, which was afterwards abandoned. *Held*, that error could not be predicated on the ruling of the court in sustaining the objection to the cross-examination, since its attention was diverted from, and not directed to, the propriety of the cross-examination as relating to the amount due.

Appeal from Trial Term, Suffolk County.

Action by James F. McDonnell and others, as executors of the will of Peter McDonnell, deceased, against Henry T. McCoun, the Riverside Bank, and others. From a judgment for plaintiffs, the bank appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Ralph J. Hawkins, for appellant.
David McClure, for respondents.

GAYNOR, J. This is a suit to foreclose a deed of conveyance of real estate to the plaintiff as a mortgage. The appellant, the defendant Riverside Bank, answered with a general denial and a defence showing that it was a judgment creditor and alleging that the mortgage was made to hinder, delay and defraud creditors of the defendant mortgagors. The plaintiff formally proved the amount of the indebtedness for which the mortgage was made by an instrument de hors between the parties thereto, and then proved by a witness that the amount was unpaid. On the appellant's counsel proceeding to cross-examine this witness, counsel for the plaintiff objected that it could give no evidence on its defence of fraud and to set aside the conveyance unless it had served its answer on the defendant mortgagors, and the objection was sustained. However this may be it was competent to examine or cross-examine the witness in respect of the amount due; but counsel for the appellant did not claim that this was his purpose, but on the contrary only that the examination had reference to the said defence; and subsequently he announced to the court that he no longer attacked the validity of the mortgage, which removed all question of the examination on that head. When counsel for the plaintiff disclosed by his objection that he supposed from the

nature of the question asked that the examination was only to establish the defence of fraud, counsel for appellant should have disclosed that it was also on the question of the amount due, assuming there was no fraud. The court did not have its attention directed to that point, but was diverted from it by the objection and the discussion thereof.

The judgment should be affirmed.

Judgment affirmed, with costs. All concur.